787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARY E. GRIMES, Plaintiff-Appellant,
v.
DEPARTMENT OF THE ARMY, MERIT SYSTEMS PROTECTION BOARD;
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; VETERANS
ADMINISTRATION, Defendants-Appellees.
 85-1133
 United States Court of Appeals, Sixth Circuit.
 3/20/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 BEFORE; MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Grimes, a black male and a U.S. Army veteran, began employment with the U.S. Army Tank-Automotive Material Readiness Command (TACOM) on May 21, 1975. Grimes was employed as a laborer in the Roads and Grounds Section; he was an appointee under the Veterans' Readjustment Act (VRA). The VRA program permitted the bypass of competitive Civil Service requirements in the hiring of Vietnam era veterans for certain positions. In 1976, five (5) skilled trade apprenticeship positions were made available to TACOM employees. The five positions were filled through a merit promotion system. A test was given to all TACOM VRA employees in connection with the five openings. The TACOM personnel office compiled a list of twelve-fifteen (12-15) persons deemed to be most qualified for the apprenticeships. This list was then transmitted to a three-member interviewing panel. After the interviews, each panel member assigned each candidate a score, and the five candidates with the highest scores were selected for apprenticeships. One of the candidates was black; the other four were white. Grimes was not selected for an apprenticeship; the parties dispute whether he was one of the twelve-fifteen persons interviewed.
 
 
 2
 While in the military, Grimes operated various heavy equipment units and vehicles. During his employment at TACOM, Grimes applied for the position of tractor operator. He was rated ineligible. He supplemented his personnel file with the necessary information, and he was re-rated eligible, but by that time the positions had been filled.
 
 
 3
 Grimes filed an EEOC complaint in June 1979, and a right-to-sue letter was issued in July 1980. In the interim, on February 28, 1980, Grimes was terminated for insubordination. He filed this action in the district court against the Department of the Army for employment discrimination based upon race and handicap discrimination, libel, slander, invasion of privacy and intentional infliction of emotional distress. The district court dismissed all claims except the claim of racial discrimination.
 
 
 4
 Following submission of the case to the magistrate, a trial was conducted and a report issued finding that Grimes had not established a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq. The district court issued a final decision accepting the magistrate's report on December 11, 1984 and judgment was entered in favor of the Army. Grimes appealed to this court; subsequent to the filing of the notice of appeal his attorney withdrew and he proceeds pro se. The issue presented is whether the district court correctly determined that Grimes failed to meet his burden of proving a Title VII violation. The short answer to appellant's contention is simply that he has failed to meet the burden of proving racial discrimination. Appellant contends that he was denied appointment to certain tractor operator positions, but there was no evidence introduced at trial of the qualifications of the individuals who ultimately were hired.
 
 
 5
 As to similar contentions concerning 1976 apprenticeship positions, the evidence revealed that Grimes had a poor work record and lacked prior experience that would have provided any basis for his selection to the apprenticeship program. Further, the evidence established that at least one of the positions was given to a black. Both the magistrate and the district court correctly concluded that Grimes did not establish a prima facie case. Although we conclude that appellant's evidence fell short of establishing a prima facie case, we observe that the Army rebutted the claims by presenting legitimate nondiscriminatory reasons for choosing the five successful candidates over Grimes, and the magistrate's finding that Grimes was less qualified than others who were accepted into the apprenticeship program is supported by the record.
 
 
 6
 In accordance with the foregoing, the judgment of the district court is AFFIRMED.